IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>                    Petitioner,<br><br>    v.<br><br>BITER, Warden,<br><br>                    Respondent. | Case No. 1:16-cv-00050 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS AND TO RECOMMEND DISMISSAL OF THE HABEAS CORPUS PETITION FOR LACK OF JURISIDCTION**<br><br>[Docs. 21-22] |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Yun Hwa Harper, of the Office of the Attorney General for the State of California.

**I.    Background**

On December 16, 2015, Petitioner filed the instant petition challenging two separate prison disciplinary proceedings, one occurring on December 24, 2009, and the other on March 5, 2010. In both cases Petitioner was found guilty of disobeying a direct order. (See Mot. to Dismiss, Ex. 1.)

Petitioner desires to expunge the findings of the disciplinary hearings, but provides no legal authority or argument justifying such relief. (See Pet.) Petitioner does state in his petition that he recently had a parole hearing (Pet. at 8), and the Board of

1

Parole Hearings denied Petitioner parole for seven years. (Id. at 45-46.)

On December 6, 2015, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On April 18, 2016, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 22.) Although Petitioner requested an extension of time to file an opposition to the motion to dismiss, no opposition was filed. Accordingly, it stands ready for adjudication.

**II.    Discussion**

An *en banc* panel of the Ninth Circuit Court of Appeals recently decided Nettles v. Grounds, 2016 U.S. App. LEXIS 13573 (9th Cir. July 26, 2016), and issued a Writ of Mandate on August 18, 2016. In Nettles, the Ninth Circuit overturned its prior decisions in Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004), and Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989) and held that challenges to prison disciplinary violations by prisoners with indeterminate sentences fall outside the core of habeas corpus. (Id.) Such challenges must be brought, if at all, under 42 U.S.C. § 1983.

Petitioner admits in his petition that he was convicted of second degree murder, is serving an indeterminate sentence, and is subject to parole. Accordingly, this Court lacks jurisdiction to consider the matter as presented in a habeas corpus petition, and the petition must be dismissed. Respondent's motion to dismiss under the one year statute of limitations set forth by ADEPA and applicable to habeas petitions, is therefore moot, and the Court recommends its denial.

However, rather than simply dismiss the action, a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner. See Nettles v. Grounds, 2016 U.S. App. LEXIS 13573 at 35-36. Accordingly, the Court provides the following advisement to Petitioner, and recommends that Petitioner be ordered to advise the court whether he desires to dismiss this petition without prejudice, or, alternatively, have the matter converted to a 1983 civil rights action, despite the potential consequences discussed

below.

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. However, there are distinct advantages and disadvantages to doing so. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the Court will only convert the matter to a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas petition, upon Petitioner's request and acknowledgement of his informed consent.

### III. Recommendation

Therefore it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice for lack of jurisdiction unless Petitioner provides notice of his informed consent and intent to convert the matter to a civil rights action pursuant to 42 U.S.C. § 1983. The Court further RECCOMENDS that Respondent's motion to dismiss and all pending motions be DENIED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   August 19, 2016                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE